UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
THEODORE ROOSEVELT, MAQSOOD BATT,  :
and SUSHANA GUTHRIE, on behalf of  :     No. 08 CV 3525 (DGT) (CLP)
themselves and all others similarly situated, :
                                   :
            Plaintiffs,            :
                                   :
     v.                            :
                                   :
WALGREEN CO. d/b/a Walgreens,      :
                                   :
            Defendant.             :
------------------------------------X

## AGREED PROTECTIVE ORDER AND STIPULATED AGREEMENT

Pursuant to Fed. R. Civ. P. 26(c), Plaintiffs Theodore Roosevelt, Maqsood Batt, and Sushana Guthrie, and Walgreen Co. (collectively, the "Parties") hereby agree, and the Court, being fully advised of the circumstances and for good cause shown, hereby orders, that the following conditions shall govern the treatment of certain documents and information that will be exchanged between the Parties in the course of the proceedings in the above-captioned action:

1.  Subject to the following conditions and restrictions, a party may designate any document and/or information provided in discovery as "CONFIDENTIAL" by clearly and conspicuously marking it with the word "CONFIDENTIAL," or in the case of deposition or hearing testimony, indicating on the record that some or all of the testimony is "CONFIDENTIAL," or as otherwise specified in this Order.

2.  For purposes of this Order, "CONFIDENTIAL" material means all non-public documents or information relating to the conduct of Walgreen's businesses and of a sensitive, confidential, and/or proprietary nature, including operational details, information relating to Walgreen's finances, business practices and strategy or trade secrets. "CONFIDENTIAL"

8856510v.4

material also includes personnel and compensation information regarding current and/or former employees of Walgreen who may or may not be a party to this lawsuit.

3. No discovery document or information shall be designated as "CONFIDENTIAL" without counsel's good-faith belief that the information subject to the confidentiality designation meets the requirements for protection under the terms of this Order.

4. Any confidentiality designation of discovery materials can be challenged at any time by means of a letter or an on-the-record oral statement at a deposition or hearing. Any challenge must be based on counsel's good-faith belief that the information subject to the confidentiality designation does not meet the requirements for protection under the governing rules and precedents.

5. In the event the Party in receipt of documents or information (hereinafter the "Receiving Party") disputes the designation of individual documents or a category of documents or information or deposition testimony as "CONFIDENTIAL" by the Party producing the documents or information (hereinafter the "Designating Party"), the following procedures shall apply:

   a. The Receiving Party, within 30 days of receipt of the documents or information, shall serve the Designating Party with a written notice of objection to that effect.

   b. The Parties shall thereupon meet and confer in good faith regarding the confidential status of the document or information.

   c. In the event the Parties are unable to resolve their dispute, the Receiving Party must so notify the Designating Party in writing.

   d. Within 30 days of receipt of such notice, the Designating Party may apply to the Court for a determination as to whether the designation is appropriate. The

2

burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

e. During the pendency of such dispute or application, and until the Court may rule otherwise, the documents or information designated "CONFIDENTIAL" shall remain subject to the designations and restrictions of this Order. If the Designating Party fails to apply to the Court for an appropriate determination within the 30-day period referenced above, the information shall no longer be classified as "CONFIDENTIAL."

6. Any "CONFIDENTIAL" material shall not be used for any purpose by the Receiving Party except for purposes of prosecuting or defending against the claims in the above-captioned litigation and any appeals thereof. "CONFIDENTIAL" material and information shall be maintained in strict confidence and not disclosed by the Receiving Party to any entity or person except:

a. the judges and staff of this Court (or the U.S. Court of Appeals for the Second Circuit pursuant to any appeal);

b. counsel to the Parties in this litigation and the support staff who are employed or engaged by such counsel;

c. the parties to this litigation, so long as the parties' counsel instructs any such individual that the "CONFIDENTIAL" material is not to be disclosed or disseminated to anyone else;

d. court reporters and videographers who transcribe or record depositions or other testimony in this litigation;

3

8856510v.4

  e. experts retained by the Parties or their counsel for the purpose of assisting in the prosecution or defense of this litigation, and who have first consented in writing, by executing Exhibit "A" attached hereto, to be bound by this Order, including the obligation not to disclose such "CONFIDENTIAL" material to any person or entity other than those listed in this paragraph; and

  f. fact witnesses or potential fact witnesses who have first consented in writing, by executing Exhibit "A" attached hereto, to be bound by this Order, including the obligation to not disclose such "CONFIDENTIAL" material to any person or entity other than those listed in this paragraph.

7. The restrictions set forth in this Order shall not apply to:

  a. information that was, is, or becomes public knowledge through its authorized release by a person or entity that rightfully obtains and possesses such information, and not in violation of this Order; and/or

  b. each party with respect to its own information or information received or created during the normal course of its own business.

8. This Order shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as "CONFIDENTIAL" under the terms hereof.

9. The entry of this Order is without prejudice to any party's right to seek to modify or eliminate any restriction on any document and/or information designated "CONFIDENTIAL" by the opposing party, or otherwise bring any motion or request before the Court. The Parties may stipulate to reversing any restrictions placed on any documents and/or information in this

Order without further Court order. Nothing in this paragraph shall be deemed to affect the Parties' respective burdens of proof under the governing law.

10. The foregoing is without prejudice to the right of any party to:

   a. object to the production of documents and/or information it considers not subject to discovery; or

   b. assert claims of privilege or other doctrines which permit complete withholding of otherwise discoverable documents and/or information.

11. In the case of deposition or hearing testimony, a party, person or entity wishing to designate testimony as "CONFIDENTIAL" may so designate it on the record in connection with the specific testimony to be given, or within fifteen (15) days after the Designating Party, person, or entity, or his or its counsel, receives the written or electronic transcript thereof.

12. To the extent that information is produced in a form rendering it impractical to label (including but not limited to electronically stored information produced on electronic or magnetic media), the Producing Party may designate information as "CONFIDENTIAL," by cover letter referring generally to such matter and by affixing to such media a label containing the appropriate legend. Whenever any such documents or information is copied into another form, the Receiving Party shall also mark those forms with the legend provided for in paragraph 1 above.

13. To the extent that any Receiving Party or counsel for the Receiving Party creates, develops, or otherwise establishes on any electronic system information designated "Confidential," that party and/or its counsel must take all necessary steps to insure that access to such media is properly restricted to those persons who, by the terms of this Order, may have

access to Confidential Information and will affix to any media containing such information a label with the legend as provided for in paragraph 1 above.

14. A Producing Party that fails to designate discovery material as "Confidential" at the time of its production shall be entitled to make a correction to its designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of discovery material, appropriately designated. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the discovery material prior to notice of the designation by the Producing Party shall abide by the provisions of this Order with respect to all future use and disclosure of any such information.

15. Within 60 days of the conclusion of the above-captioned litigation, whether by settlement, summary judgment, trial verdict, or otherwise, including any appeals thereof, the Receiving Party shall return all documents and information designated as "CONFIDENTIAL" to the Designating Party and/or destroy the materials and provide the Designating Party with a Certification to that effect; provided that, with respect to electronically stored information, a party need only certify the deletion of such information.

16. Subject to the restrictions in paragraph 6 hereof:

   a. counsel for the parties shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions and at trial, and attorney work product, including such materials containing, quoting, discussing or analyzing "CONFIDENTIAL" information; and

   b. this Stipulation shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

8856510v.4

**ACCEPTED AND AGREED:**

| | |
|---|---|
| OUTTEN & GOLDEN LLP<br><br>By: _____<br>Justin Swartz<br>jms@outtengolden.com<br>Ossai Miazad<br>omiazad@outtengolden.com<br><br>3 Park Avenue, 29th Floor<br>New York, NY 10016<br>Phone: (212) 245-1000<br>Fax: (212) 977-4005<br><br>THE LEGAL AID SOCIETY<br><br>By: _____<br>Amy M. Hong<br>amhong@legal-aid.org<br><br>199 Water Street<br>3rd Floor<br>New York, NY 10038-3526<br>Phone: (212) 577-3626<br>Fax: (212) 509-8761<br><br>*Attorneys for Plaintiffs* | SEYFARTH SHAW LLP<br><br>By: _____<br>Robert S. Whitman<br>rwhitman@seyfarth.com<br><br>620 Eighth Avenue, 32nd floor<br>New York, New York 10018<br>Phone: (212) 218-5500<br>Fax: (212) 218-5526<br><br>*Attorneys for Defendant* |

**SO ORDERED:**

_____
The Honorable Cheryl L. Pollak
United States Magistrate Judge

Dated: __4/14__, 2010

8856510v.4